UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV180

| THOMAS LEWIS PARKS, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | O R D E R |
| ALVIN KELLER, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, filed August 9, 2010[1] (Doc. No. 1).

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

## I. Factual and Procedural Background

The instant Petition is Petitioner's second Petition for Writ of Habeas Corpus. Petitioner filed his first Petition in this Court on March 30, 2010. (Case No. 1:10cv77, Doc. No. 1.) Petitioner's first Petition was dismissed without prejudice to his right to return to State Court and

---

[1] Although Petitioner's Petition was received at the Court and filed by the Clerk on August 23, 2010, such document contained a certification that it was placed in his Prison's mailing system on August 9, 2010. Consequently, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Petitioner as having been filed on August 9, 2010.

1

obtain a full round of collateral review for all of his claims.[2] (Id. Doc. No. 4). The Court specifically cautioned that because Petitioner had allowed 327 days of his one year limitations period under the Anti-terrorism and Effective Death Penalty Act ("the AEPDA") to pass, he had only 38 days in which to return to State court and commence collateral proceedings in order to exhaust his claims, thereby tolling his one-year limitations period. The Court directed that Petitioner must return to the Superior Court of Cleveland County with a properly filed motion for appropriate relief ("MAR") before May 8, 2010. (Id.)

From a review of the instant Petition and the documents attached in support thereof, it appears that Petitioner did, in fact, file an MAR in Superior Court of Cleveland County on April 27, 2010. (Doc. No. 1 at 28, MAR Order). However, in denying his MAR on April 30, 2010, the court specifically concluded that "it has not been presented with a 'properly filed motion for appropriate relief' as described by the federal court and that Defendant is entitled to no relief whatsoever in this court."[3] (Id.). As such, Petitioner's MAR was not properly filed and, therefore, did not toll the one-year limitation period during the time it was pending. 28 U.S.C. § 2244(d)(2). Therefore, Petitioner's remaining 38 days were allowed to expire rendering his current habeas petition untimely under the one-year limitations period pursuant to the AEDPA.

---

[2] The Court noted that three of Petitioner's twelve claims were exhausted and while the Court dismissed all of Petitioner's claims without prejudice, the Court explained that if Petitioner decided to abandon the nine unexhausted claims and go forward with only the three exhausted claims, he should inform the Court of that desire through a request for reconsideration. Petitioner did not file a motion for reconsideration.

[3] The court explained that Petitioner's MAR did not comply with the requirements of N.C. G.S. 15A-1420(b), in that the motion was not supported by affidavit or other documentary evidence supporting his claims.

Accordingly Petitioner's habeas petition must be dismissed as time-barred. [4]

As to equitable tolling, the Fourth Circuit Court of Appeals has limited such tolling to "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, not even his misunderstanding of the law is sufficient to warrant equitable tolling. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling), cert. denied, 528 U.S. 1007 (1999).

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

---

[4] This Court is mindful of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) to warn a petitioner that his case is subject to dismissal prior to dismissing a petition as untimely filed. However, such warning is not necessary in this case. Indeed, Petitioner was specifically warned in this Court's Order dismissing his first habeas petition, that he had allowed 327 days of his one-year limitations period to expire. The Court then explained how Petitioner could exhaust his unexhausted claims and still file a timely petition in this Court. Accordingly, because Petitioner has been specifically warned by this Court in its previous Order, the Court concludes that no further warning is required.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: September 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge