UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV180

THOMAS LEWIS PARKS,        )
                           )
    Petitioner,            )
                           )
        v.                 )                O R D E R
                           )
ALVIN KELLER,              )
    Respondent.            )
_____)

**THIS MATTER** is before the Court on Petitioner's "Motion for the Court to Reconsider the Dismissal of Habeas Corpus Petition" filed September 9, 2010 (Doc. No. 7.) Petitioner argues that he is entitled to equitable tolling because he thought he had to exhaust his remedies prior to filing his habeas petition in federal court. (Id. at 4.)

This case represents Petitioner's second habeas petition. His first case, filed on March 30, 2010 was dismissed without prejudice to his right to return to State Court and obtain a full round of collateral review for all of his claims.[1] (Case No. 1:10cv77, Doc. No. 4). The Court specifically cautioned that because Petitioner had allowed 327 days of his one year limitations period under the Anti-terrorism and Effective Death Penalty Act ("the AEPDA") to pass, he had only 38 days in which to return to State court and commence collateral proceedings in order to exhaust his claims, thereby tolling his one-year limitations period. The Court directed that

---

[1] The Court noted that three of Petitioner's twelve claims were exhausted and while the Court dismissed all of Petitioner's claims without prejudice, the Court explained that if Petitioner decided to abandon the nine unexhausted claims and go forward with only the three exhausted claims, he should inform the Court of that desire through a request for reconsideration. Petitioner did not file a motion for reconsideration.

1

Petitioner must return to the Superior Court of Cleveland County with a properly filed motion for appropriate relief ("MAR") before May 8, 2010. (Id.) Petitioner then filed this case attaching documents which revealed that Petitioner did, in fact, file an MAR in Superior Court of Cleveland County on April 27, 2010. (Doc. No. 1). However, in denying his MAR on April 30, 2010, the court specifically concluded that "it has not been presented with a 'properly filed motion for appropriate relief' as described by the federal court and that Defendant is entitled to no relief whatsoever in this court." [2] (Id., at 28, MAR Order). The undersigned concluded that Petitioner's MAR was not properly filed and, therefore, did not toll the one-year limitation period during the time it was pending. 28 U.S.C. § 2244(d)(2). (Doc. No. 5.)

This Court also specifically addressed equitable tolling in its Order dismissing Petitioner's habeas petitioner as untimely. (Doc. No. 5.) The Court explained that the Fourth Circuit Court of Appeals has limited such equitable tolling to "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, not even his misunderstanding of the law is sufficient to warrant equitable tolling. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling),

---

[2] The court explained that Petitioner's MAR did not comply with the requirements of N.C. G.S. 15A-1420(b), in that the motion was not supported by affidavit or other documentary evidence supporting his claims.

<u>cert</u>. <u>denied</u>, 528 U.S. 1007 (1999).

      **NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's motion for reconsideration is **DENIED.**

**SO ORDERED.**

      Signed: September 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge